Carolyn H. Cottrell (SBN 166977)
Ori Edelstein (SBN 268145)
Philippe Gaudard (SBN 331744)
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
pgaudard@schneiderwallace.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA REYES WHITT and WENDY RINCON, on behalf of themselves all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>VITAMIN SHOPPE INDUSTRIES LLC; and DOES 1 through 100, inclusive,<br><br>*Defendants*. | Case No.: 5:23-cv-00169<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT FOR:**<br><br>**(1) Violations of the Fair Labor Standards Act (29 U.S.C. §§ 201, *et seq*.)**<br><br>**(2) Failure to Pay Minimum Wages (Cal. Lab. Code §§ 1182.12, 1194, 1194.2, 1197, 1197.1);**<br><br>**(3) Failure to Pay Overtime Wages (Cal. Lab. Code §§ 510, 1194);**<br><br>**(4) Failure to Provide or Make Available Meal Periods (Cal. Lab. Code §§ 226.7 and 512);**<br><br>**(5) Failure to Authorize and Permit Rest Periods (Cal. Lab. Code § 226.7);**<br><br>**(6) Failure to Reimburse Business Expenditures (Cal. Lab. § 2802);**<br><br>**(7) Failure to Provide Timely and Accurate Itemized Wage Statements (Cal. Lab. Code §§ 226, 1174, 1174.5);**<br><br>**(8) Waiting Time Penalties (Cal. Lab. Code §§ 201-203);** |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(9) **Unlawful Business Practices (Cal. Bus. & Prof. Code §§ 17200,** *et seq.***).**

**JURY TRIAL DEMANDED**

**INTRODUCTION**

1.      Plaintiffs Jennifer Reyes Whitt and Wendy Rincon ("Plaintiffs") bring this Class and Collective action on behalf of themselves and other similarly situated individuals against Vitamin Shoppe Industries LLC ("Defendant") for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and California wage and hour laws.

2.      This action stems from Defendant's policies and practices of: (1) failing to pay all overtime wages owed to Plaintiffs, Class and Collective Members; (2) failing to pay minimum wage for all hours worked to Plaintiffs and Class Members; (3) failing to provide and make available meal periods to Plaintiffs and Class Members, or pay premium wages in lieu thereof; (4) failing to provide and make available rest periods to Plaintiffs and Class Members, or pay premium wages in lieu thereof; (5) failing to reimburse Plaintiffs and Class Members for necessary business expenditures; (6) failing to provide true and accurate itemized wage statements to Plaintiffs and Class Members; (7) failing to timely pay Plaintiffs and Class Members all wages due upon separation from employment; and (8) and engaging in unfair business practices.

3.      Plaintiffs seek damages, penalties, and interest to the full extent permitted by the FLSA, California Labor Code, and Industrial Welfare Commission ("IWC") Wage Orders, as well as other relief requested herein.

**JURISDICTION AND VENUE**

4.      This Court has federal question jurisdiction under 28 U.S.C. § 1331 and § 216(b) of the FLSA. The FLSA authorizes private rights of action to recover damages for violation of the FLSA's wage and hour provisions. This Court has supplemental jurisdiction over the California state law claims under 28 U.S.C. § 1367(a) because they are so related to this action that they form part of the same case or controversy.

5.      The Court has personal jurisdiction over Defendant because Defendant

does business in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in this District.

6.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b). Plaintiffs were employed in this District and the claims asserted arose in this District. At all material times Defendant has been actively conducting business in the State of California and within the geographic area encompassing the Central District of the State of California.

## **PARTIES**

7.    Plaintiffs are all individuals over the age of eighteen, and at all times mentioned in this Complaint were residents of the State of California.

8.    Plaintiff Whitt was employed by Defendant as a Health Enthusiast from approximately November 11, 2013 to approximately December 2017, as an Assistant Manager from approximately December 2017 to approximately January 2021, and as a Store Manager from approximately January 2021 to April 20, 2022. Plaintiff Whitt worked for Defendant in Rancho Cucamonga, California and Upland, California.

9.    Plaintiff Rincon was employed by Defendant as a Health Enthusiast from approximately August 2020 to January 2021, as a Key Holder from approximately February 2021 to October 2021, and as an Assistant Manager from approximately November 2021 to August 2022. Plaintiff Rincon worked for Defendant in Irvine, California.

10.    Plaintiff Whitt and Plaintiff Rincon consent to sue for violations of the FLSA, pursuant to 29 U.S.C. § 216(b). Each Plaintiffs' Consent to Join is attached hereto as **Exhibit A**.

11.    Plaintiffs are informed, believe, and thereon allege that Vitamin Shoppe Industries LLC is a New York limited liability corporation headquartered in Secaucus, New Jersey. Defendant does business in the State of California and employs and employed hourly, non-exempt employees, including Plaintiffs, Class and Collective Members in the State of California.

CLASS AND COLLECTIVE COMPLAINT AND DEMAND FOR JURY TRIAL
*Whitt, et. al. v. Vitamin Shoppe Industries LLC*

12. Defendant exercises control over Plaintiffs, Class and Collective Members with respect to their employment.

13. Plaintiffs and Collective Members were and are employees of Defendant within the meaning of 29 U.S.C. § 203(e).

14. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

15. Plaintiffs are informed, believe, and thereon allege that Defendant has had, and continues to have, an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 29 U.S.C. § 203(s)(1)(A)(ii).

16. In addition to Plaintiffs, Defendant has employed numerous other employees who, like Plaintiffs, are hourly, non-exempt employees engaged in interstate commerce. Further, Defendant is engaged in interstate commerce since it sells goods across state lines, conducts business deals with merchants across state lines, and processes transactions with banks in other states.

17. Plaintiffs are informed, believe, and thereon allege that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, Defendant, and that said acts and failures to act were within the course and scope of Defendant's agency, employment and/or direction and control.

18. At all material times, Plaintiffs and Collective Members were employees who engaged in commerce or in the production of goods for commerce on behalf of Defendant as required by 29 U.S.C. § 207.

19. At all material times, Defendant has done business under the laws of California, has had places of business in California, including in this District, and has employed Class and Collective Members in this District. Defendant is a "person" as defined in Cal. Lab. Code § 18 and "employer" as that term is used in the FLSA, Cal. Lab. Code, the IWC Wage Orders regulating wages, hours, and working conditions,

1   and Cal. Bus. & Prof. Code § 17201.

2                    **FACTUAL ALLEGATIONS**

3       20.   Defendant is a retailer that offers various nutritional and healthcare

4   supplements. Defendant operates throughout the United States, including in the State

5   of California. Defendant employs and has employed thousands of hourly, non-exempt

6   workers similarly situated to Plaintiffs across the United States and employs more

7   than one-hundred employees in the State of California, including but not limited to

8   Store Managers, Assistant Managers, Keyholders, Sales Associates, Health

9   Enthusiasts, Store Associates, Sales Leads, and other employees with similar job

10  duties.

11      21.   Plaintiff Whitt worked for Defendant as a Health Enthusiast, Assistant

12  Manager, and Store Manager in Rancho Cucamonga, California and Upland,

13  California. During the relevant period, Plaintiff Whitt's primary duties included but

14  were not limited to recruiting and hiring associates, coordinating and supervising

15  team members, opening and closing the store, checking and accepting inventory,

16  reviewing sales records and metrics, preparing schedules, assisting and checking out

17  customers, and setting up sales displays and signage. Plaintiff Whitt was at all times

18  classified as an hourly, non-exempt employee and was paid hourly rates between

19  approximately $24.00 and $25.23. Although Plaintiff Whitt's shifts varied in length,

20  she usually worked eight to ten hours per shift, five shifts per week. Plaintiff Whitt

21  worked approximately 45 hours per week.

22      22.   Plaintiff Rincon worked for Defendant as a Health Enthusiast, Key

23  Holder, and Assistant Manager. Plaintiff Rincon worked for Defendant in Irvine,

24  California. Plaintiff Rincon's primary duties as a Health Enthusiast included but were

25  not limited to stocking shelves with inventory, helping customers in-store, working

26  the store telephone, and checking out customers at the register. When Plaintiff Rincon

27  worked as a Key Holder and Assistant Manager, her primary duties included but were

28  not limited to coordinating and supervising team members, opening and closing the

store, receiving shipments, accepting and organizing inventory, reviewing sales records and metrics, and assisting and checking out customers. Plaintiff Rincon was at all times classified as an hourly, non-exempt employee and was paid hourly rates between approximately $13.50 to $18.68. Although Plaintiff Rincon's shifts varied in length, when Plaintiff Rincon worked as a Health Enthusiast, she usually worked eight or nine hours per shift, five shifts per week, for a total of approximately 40 to 45 hours per week. As a Key Holder and Assistant Manager, Plaintiff Rincon usually worked eight to ten hours per shift, five shifts per week, for a total of approximately 40 to 50 hours per week.

23.    Defendant regularly fails to pay Plaintiffs, Class and Collective Members for all hours worked.[1] Defendant regularly requires Plaintiffs, Class and Collective Members to work during clocked out meal breaks, yet does not compensate Plaintiffs, Class and Collective Members for this off-the-clock work. Defendant requires Plaintiffs, Class and Collective Members to clock out for meal periods, but due to understaffing at Defendant's stores, Plaintiffs, Class and Collective Members are often unable to get relief from their duties to take meal periods, causing Plaintiffs, Class and Collective Members to work during their meal periods regardless of being clocked out. Further, when Defendant's stores are especially busy, Plaintiffs, Class and Collective Members are often interrupted during their meal periods to assist with customers or coworkers or are required to completely work through their meal periods. When Plaintiffs, Class and Collective Members do not clock out for their meal periods, Defendant adjusts their time sheets to show that Plaintiffs, Class and Collective Members took an unpaid thirty-minute meal period.

24.    Defendant also routinely requires Plaintiffs, Class and Collective Members to perform uncompensated and unrecorded work outside of their scheduled shifts. Defendant expects and requires Plaintiffs, Class and Collective Members to be

---

[1] Although Plaintiffs are former employees, Class and Collective Members include current and former employees. For ease of discussion, the allegations herein are made in the present tense.

available to answer the needs of customers and assist Defendant's retail operations even when they are not clocked in for work. Plaintiffs, Class and Collective Members work up to an hour off-the-clock every week calling and texting with supervisors and coworkers about various issues that arise at Defendant's stores concerning customers, vendors, and/or scheduling. However, Defendant refuses to record this time as hours worked, and refuses to compensate Plaintiffs, Class and Collective Members for all hours worked.

25.    Additionally, Plaintiffs, Class and Collective Members are required to complete further miscellaneous tasks while off-the-clock, such as, drafting employee performance reviews. Defendant also requires Class and Collective Members to clock out at the end of their shifts but still requires that they complete their assignments for the day and/or remain available to receive, take inventory of, and organize incoming shipments of products. For example, Plaintiff Rincon estimates she spent up to four hours per week receiving and organizing shipments of inventory after clocking out at the end of her shift.

26.    Plaintiffs, Class and Collective Members consistently work 40 or more hours per week. Therefore, this time spent working during unpaid meal periods, while conversing with supervisors and coworkers off-the-clock, and remaining on-duty after clocking out at the end of shifts amounts to up to 6.5 hours of work performed by Class and Collective Members every week that goes unrecorded and uncompensated when it should be paid at overtime rates as required by the FLSA and California law.

27.    Plaintiffs and Class Members are also routinely denied compliant meal periods. This occurs for at least three reasons: (1) Defendant is chronically understaffed which prevents Plaintiffs and Class Members from taking compliant meal periods because no other employee is available to relieve them from their work duties; (2) Defendant requires Plaintiffs and Class Members to remain on duty during their meal periods and to be available to assist customers in the store or help other

1  coworkers, resulting in untimely, short, and/or interrupted meal periods; and (3)

2  Plaintiffs and Class Members are often too busy with customers to have time to take

3  bona fide meal periods.

4      28.    Defendant's chronic understaffing issues have worsened since the

5  beginning of the COVID-19 pandemic. To attempt to combat this issue, Defendant

6  transfers available employees to the most understaffed stores, forcing most stores to

7  operate with just enough staff members to remain open. Due to this shifting of

8  employees, Defendant's stores often have the minimal number of staff on duty and

9  Plaintiffs and Class Members cannot get the relief they need in order to take compliant

10  meal periods.

11      29.    When Plaintiffs and Class Members do attempt a meal period it is

12  interrupted, untimely, and/or short. Plaintiffs and Class Members are required to stay

13  on premises in Defendants' stores and remain on-call to assist other employees and/or

14  customers. As a result, Plaintiffs and Class Members do not receive duty-free,

15  uninterrupted, and timely 30-minute meal periods during which they should be

16  completely relieved of any duty, by the end of the fifth hour of work.

17      30.    Similarly, Plaintiffs and Class Members are routinely denied compliant

18  rest periods. Plaintiffs and Class Members are not provided compliant rest periods

19  because Defendant is chronically understaffed which prevents Plaintiffs and Class

20  Members from being relieved of their duties, and Defendant requires that Plaintiffs

21  and Class Members cut their rest periods short to assist customers and other

22  employees.

23      31.    Despite systematically failing to provide Plaintiffs and Class Members

24  compliant meal and rest periods, Defendant does not provide Plaintiffs and Class

25  Members requisite premium payments for these non-compliant meal and rest periods.

26      32.    Plaintiffs are informed, believe, and thereon allege that all non-exempt

27  hourly employees of Defendant are subject to the same or similar unlawful meal and

28  rest period policies and practices.

33.    Plaintiffs are informed, believe, and thereon allege that all non-exempt hourly employees of Defendant are subject to the same or similar unlawful compensation practices and mechanisms.

34.    In addition, Defendant fails to reimburse Plaintiffs and Class Members for all necessary business expenditures. Defendant regularly requires Plaintiffs and Class Members to pay out-of-pocket expenses necessary to perform their daily work assignments. For example, Plaintiffs and Class Members are constantly required to use their personal cell phones to look up ingredients, pricing, and products for customers, and to communicate with supervisors and coworkers about work-related topics. Plaintiffs and Class Members are also required to use their personal home computer and home internet data to sign off on and finalize staff reviews. Defendant does not reimburse Plaintiff and Class Members for any of these business expenditures, even though they should be fully reimbursed under California law.

35.    Defendant's common course of wage-and-hour abuse also includes routinely failing to maintain true and accurate records of the hours worked by Plaintiffs and Class Members.

36.    As a result of the aforementioned violations, Plaintiffs and Class Members are provided with untrue and inaccurate wage statements as such statements do not reflect the correct amount of gross and net wages earned, including overtime compensations, nor the correct total hours worked by Plaintiffs and Class Members.

37.    Additionally, Plaintiffs and Class Members do not receive all wages owed during employment and following separation from employment, including minimum wage and overtime compensation for time spent working while off the clock and above eight (8) hours per day and/or forty (40) hours per week, as well as requisite premium payments for noncompliant meal and rest periods, giving rise to waiting time penalties.

38.    Class and Collective Members are employed by Defendant and perform work materially similar to Plaintiffs.

39.    Class and Collective Members perform their jobs under Defendant's supervision using materials and technology approved and supplied by Defendant.

40.    Class and Collective Members are required to follow and abide by Defendant's common work, time, and pay policies and procedures in the performance of their job duties.

41.    At the end of each pay period, Class and Collective Members receive wages from Defendant that are determined by common systems and methods that Defendant selects and controls.

42.    Defendant's method of paying Plaintiffs and Class and Collective Members is willful and not based on a good faith and reasonable belief that their conduct complies with the FLSA and/or California law.

43.    Defendant's unlawful conduct has been widespread, repeated, and consistent among Defendant's hourly, non-exempt employees.

44.    Defendant knows or should know that its policies and practices are unlawful and unfair.

45.    Defendant's conduct is willful, carried out in bad faith, and causes significant damages to employees in an amount to be determined at trial.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

46.    Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth herein.

47.    Plaintiffs bring this Complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of the following collective of individuals.

48.    The proposed collective is defined as follows:

**All current and former hourly, non-exempt employees employed by Vitamin Shoppe Industries LLC in the United States any time starting three years prior to the filing of this Complaint until resolution of this action (the "Collective").**

49.    Plaintiffs reserve the right to establish additional sub-collectives as appropriate.

50.     Plaintiffs' claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 216(b) of the FLSA.

51.     Plaintiffs are informed, believe, and thereon allege that Collective Members have been denied compensation, including overtime wages, and would therefore likely join this collective action if provided a notice of their rights to do so.

52.     Plaintiffs and the Collective Members are similarly situated, and Plaintiffs' and Collective Members' claims arise from a common nucleus of operative facts. Collective Members have substantially similar job duties and requirements. Like Plaintiffs, Defendant subjected Collective Members to Defendant's common practices, policies, or plans that requires them to work for Defendant without paying them overtime wages. Defendant's failure to pay overtime wages as required by the FLSA resulted from generally applicable policies and practices and did not depend on the personal circumstances of FLSA Collective members.

53.     This action may be properly maintained as a collective action on behalf of the defined Collective because, throughout the relevant time period:

a.  Defendant maintained common scheduling systems and policies with respect to Plaintiffs and similarly situated Collective Members, controlled the scheduling systems and policies implemented for Plaintiffs and similarly situated Collective Members, and retained authority to review and revise or approve the schedules assigned to Plaintiffs and similarly situated Collective Members;

b.  Defendant maintained common timekeeping systems and policies with respect to Plaintiffs and Collective Members;

c.  Defendant maintained common payroll systems and policies with respect to Plaintiffs and Collective Members, controlled the payroll systems and policies applied to Plaintiffs and Collective Members, and set the pay rates assigned to Plaintiffs and Collective Members;

d.  Defendant assigned to Plaintiffs and Collective Members similar job

duties, including, but not limited to, assisting customers in-store and checking out customers making purchases, working the store telephone, and stocking shelves with inventory; and

e.  Defendant subjected Plaintiffs and Collective Members to the same violations of the FLSA, such as, *inter alia*, failure to pay overtime compensation of not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a workweek.

54.    The similarly situated Collective Members are known to Defendant, are readily identifiable, and may be located through Defendant's records. These similarly situated employees may readily be notified of this action and allowed to "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## RULE 23 CLASS ACTION ALLEGATIONS

55.    Plaintiffs bring causes of action as a class action on behalf of themselves and the putative Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3). The Class that Plaintiffs seek to represent is defined as follows:

**All current and former hourly-paid or non-exempt employees who worked for Vitamin Shoppe Industries LLC throughout California at any time during the time period starting four years prior to the filing of this Complaint until the resolution of this action (the "Class").**

56.    Plaintiffs reserve the right to establish additional subclasses as appropriate.

57.    This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the Class is easily ascertainable.

a.    **Numerosity**: The potential Members of the class are so numerous that joinder of all the Members of the Class is impracticable. Plaintiffs are informed and believe that the number of Class Members exceeds 200.

1    This volume makes bringing the claims of each individual member of the
2    Class before this Court impracticable. Likewise, joining each individual
3    member of the Class as a plaintiff in this action is impracticable.
4    Furthermore, the identities of the Class will be determined from
5    Defendant's records, as will the compensation paid to each of them. As
6    such, a class action is a reasonable and practical means of resolving these
7    claims. To require individual actions would prejudice the Class and
8    Defendant.

9    b.    **<u>Commonality</u>**: There are questions of law and fact common to Plaintiffs
10         and the Class that predominate over any questions affecting only
11         individual members of the Class. These common questions of law and
12         fact include, but are not limited to:

13              i.    Whether Defendant fails to compensate Class Members for all
14                    hours worked, including at minimum wage, overtime and/or
15                    double time compensation, in violation of the Cal. Lab. Code
16                    and IWC Wage Orders;

17             ii.    Whether Defendant has a policy and/or practice of requiring
18                    Class Members to be in the control of Defendant, spend time
19                    primarily for the benefit of Defendant, and work for Defendant
20                    off-the-clock and without compensation;

21            iii.    Whether Defendant fails to authorize and permit, make
22                    available, and/or provide Class Members with compliant meal
23                    and/or rest periods to which they are entitled in violation of the
24                    Cal. Lab. Code and IWC Wage Orders;

25             iv.    Whether Defendant fails to reimburse Class Members for
26                    necessarily incurred business expenditures in violation of the
27                    Cal. Lab. Code.

28              v.    Whether Defendant fails to provide Class Members with

timely, accurate itemized wage statements in violation of the Cal. Lab. Code and IWC Wage Orders;

vi.    Whether Defendant fails to timely pay Class Members for all wages owed upon termination of employment.

vii.   Whether Defendant violates Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by:

(a)   failing to compensate Class Members for all hours worked, including at minimum wage and overtime wage compensation;

(b)   failing to authorize and permit, make available, and/or provide Class Members with compliant meal and/or rest periods to which they are entitled;

(c)   failing to reimburse Class Members for necessarily incurred business expenditures;

(d)   failing to provide Class Members with timely, accurate itemized wage statements; and

(e)   failing to timely pay Plaintiffs and Class Members for all wages owed upon termination of employment.

viii.  The proper formula for calculating restitution, damages, and penalties owed to Plaintiffs and the Class as alleged herein.

c.    **Typicality**: Plaintiffs' claims are typical of the claims of the Class. Defendant's common course of conduct in violation of law as alleged herein has caused Plaintiffs and Class Members to sustain the same or similar injuries and damages. Plaintiffs' claims are thereby representative of and co-extensive with the claims of the Class.

d.    **Adequacy of Representation**: Plaintiffs are Members of the Class, do not have any conflicts of interest with other Class Members, and will prosecute the case vigorously on behalf of the Class. Counsel

representing Plaintiffs are competent and experienced in litigating large employment class actions, including wage and hour cases. Plaintiffs will fairly and adequately represent and protect the interests of the Class Members.

e. **Superiority of Class Action**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each Class Member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

58. The Class may also be certified because the prosecution of separate actions by the individual Members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class, and, in turn, would establish incompatible standards of conduct for Defendant.

59. If each individual Class Member were required to file an individual lawsuit, Defendant would necessarily gain an unconscionable advantage because Defendant would be able to exploit and overwhelm the limited resources of each member of the Class with Defendant's vastly superior financial legal resources.

60. Requiring each individual Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by the Class Members who would be disinclined to pursue these claims against Defendant because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers, and well-being.

# FIRST CAUSE OF ACTION

## Failure to Pay Overtime

## Pursuant to 29 U.S.C. §§ 201, *et seq.*

## (On Behalf of the Collective)

61.   Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth herein.

62.   The FLSA requires that covered employees receive overtime compensation of not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a workweek. 29 U.S.C. §§ 206(a)(1), 207(a)(1).

63.   At all times material herein, Plaintiffs and the Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA. 29 U.S.C. §§ 203(e) and 207(a).

64.   Defendant is a covered employer required to comply with the FLSA's mandates.

65.   Defendant violated the FLSA with respect to Plaintiffs and the Collective, by failing to pay the legally mandated overtime premium for such work. Defendant has also violated the FLSA by failing to keep required, accurate records of all hours worked by Plaintiffs and the Collective. 29 U.S.C. § 211(c).

66.   Plaintiffs and the Collective are victims of a uniform and company-wide compensation policy that has been applied to current and former non-exempt, hourly employees of Defendant, working throughout the State of California.

67.   Plaintiffs and the Collective are entitled to damages equal to the mandated pay, including straight time and overtime premium pay within the three years preceding the filing of the complaint, plus periods of equitable tolling, because Defendant has acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

68.   Defendant has acted neither in good faith nor with reasonable grounds to

1  believe that its actions and omissions were not a violation of the FLSA, and as a result

2  thereof, Plaintiffs and the Collective are entitled to recover an award of liquidated

3  damages in an amount equal to the amount of unpaid overtime pay and/or

4  prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

5      69.    Pay, including straight time and overtime compensation, has been

6  unlawfully withheld by Defendant from Plaintiffs and the Collective as a result of

7  Defendant's violations of the FLSA.  Accordingly, Defendant is liable for unpaid

8  wages, together with an amount equal as liquidated damages, attorneys' fees, and

9  costs of this action.

10      70.    Wherefore, Plaintiffs and the Collective request relief as hereinafter

11 provided.

## SECOND CAUSE OF ACTION

### Failure to Pay Minimum Wages

### Pursuant to Cal. Lab. Code §§ 1182.12, 1194, 1194.2, 1197, and 1197.1

### (On Behalf of the Class)

16      71.    Plaintiffs reallege and incorporate the foregoing paragraphs as though

17 fully set forth herein.

18      72.    During the applicable statutory period, Cal. Lab. Code §§ 1182.12 and

19 1197, and the Minimum Wage Order were in full force and effect, and required that

20 Defendant's hourly employees receive the minimum wage for all hours worked

21 irrespective of whether nominally paid on a piece rate, or any other basis, at the rate

22 of eleven dollars ($11.00) per hour commencing January 1, 2018; at the rate of twelve

23 dollars ($12.00) per hour commencing January 1, 2019; at the rate of thirteen dollars

24 ($13.00) per hour commencing January 1, 2020; at the rate of fourteen dollars

25 ($14.00) commencing January 1, 2021; and at the rate of fifteen dollars ($15.00)

26 commencing January 1, 2022.

27      73.    Cal. Lab. Code §1194 states:

28      Notwithstanding any agreement to work for a lesser wage, any employee
    receiving less than the legal minimum wage or the legal overtime

compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

74.    IWC Wage Order 7-2001(2)(G) defines hours worked as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

75.    Cal. Lab. Code § 1194.2 provides that, in any action under Section 1194 to recover wages because of the payment of a wage less than minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

76.    Cal. Lab. Code § 1197.1 provides statutory penalties which may be recovered "in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203," which "shall be paid to the affected employee."

77.    Defendant has maintained policies and procedures which create a working environment where hourly employees are routinely compensated at a rate that is less than the statutory minimum wage.  Plaintiffs and Class members routinely work time off-the-clock without compensation. For instance, Defendant does not pay Plaintiffs and Class Members for time spent working during meal periods, time spent discussing work-related topics with supervisors and coworkers outside of scheduled shifts, or for time spent by Class Members remaining on duty after clocking out at the end of shifts.

78.    As a direct and proximate result of the unlawful acts and/or omissions of Defendant, Plaintiffs and Class Members have been deprived of minimum wages in an amount to be determined at trial, and are entitled to a recovery of such amount, plus liquidated damages, plus interest thereon, attorneys' fees, and costs of suit pursuant to Cal. Lab. Code §§ 1194, 1194.2 and 1197.1.

79.    Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

**THIRD CAUSE OF ACTION**

**Failure to Pay Overtime Wages**

**Pursuant to Cal. Lab. Code §§ 510, 1194**

**(On Behalf of the Class)**

80.    Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth herein.

81.    Defendant does not compensate Plaintiffs and Class Members with the appropriate overtime rate, as required by California law.

82.    Cal. Lab. Code § 510 provides, in pertinent part, that:

Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the **regular rate of pay** for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

83.    The IWC Wage Order 7-2001(3)(A)(1) states:

The following overtime provisions are applicable … employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: . . . One and one-half (1 ½) times the employee's **regular rate of pay** for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and … [d]ouble the employee's **regular rate of pay** for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

84.  Cal. Lab. Code § 1194(a) provides that:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

85.  Cal. Lab. Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation." All such wages are subject to California's overtime requirements, including those set forth above.

86.  Defendant regularly fails to compensate Plaintiffs and Class Members for their overtime hours. For instance, Defendant does not pay Plaintiffs and Class Members for time spent working outside of their scheduled shifts or for time spent communicating with supervisors and coworkers while off-the-clock. Further, Defendant requires Plaintiffs and Class Members to work while clocked out during meal periods and does not compensate Plaintiffs and Class Members for this time.

87.  Plaintiffs and Class Members consistently work eight or more hours a day and 40 or more hours per week. This time spent by Plaintiffs and Class Members working outside of their scheduled shifts and during meal periods while off-the clock amounts to up to 6.5 hours of additional work per week done for the benefit of Defendant that goes unrecorded and therefore uncompensated, including their earned overtime wages.

88.  Plaintiffs and Class Members work overtime hours for Defendant without being paid overtime premiums in violation of the Cal. Lab. Code, applicable IWC Wage Orders, and other applicable law.

89.  Defendant has knowingly and willfully refused to perform its obligation to provide Plaintiffs and Class Members with premium wages for all overtime work. As a proximate result of the aforementioned violations, Defendant has damaged

1    Plaintiffs and Class Members in amounts to be determined according to proof at time
2    of trial.

3        90.    Defendant is liable to Plaintiffs and Class Members alleged herein for the
4    unpaid overtime and civil penalties, with interest thereon.  Furthermore, Plaintiffs are
5    entitled to an award of attorneys' fees and costs as set forth below.

6        91.    Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

7    **<u>FOURTH CAUSE OF ACTION</u>**

8    **Failure to Provide or Make Available Meal Periods**

9    **Pursuant to Cal. Lab. Code §§ 226.7 and 512**

10   **(On Behalf of the Class)**

11       92.    Plaintiffs reallege and incorporate the foregoing paragraphs as though
12   fully set forth herein.

13       93.    Defendant routinely fails to provide or make available compliant meal
14   periods to Plaintiffs and Class Members.

15       94.    Cal. Lab. Code §§ 226.7 and 512 and the applicable IWC Wage Orders
16   require Defendant to provide or make available meal periods to its employees.  Cal.
17   Lab. Code §§ 226.7 and 512 and the IWC Wage Orders prohibit employers from
18   employing an employee for more than five (5) hours without a meal period of not less
19   than thirty minutes, and from employing an employee more than ten (10) hours per
20   day without providing the employee with a second meal period of not less than thirty
21   minutes.

22       95.    Unless the employee is relieved of all duty during the thirty-minute meal
23   period, the employee is considered "on duty" and the meal period is counted as time
24   worked under the applicable IWC Wage Orders.

25       96.    Under Cal. Lab. Code § 226.7(b) and the applicable IWC Wage Orders,
26   an employer who fails to provide or make available a required meal period must, as
27   compensation, pay the employee one (1) hour of pay at the employee's regular rate
28   of compensation for each workday that the meal and/or rest period was not authorized

1  and permitted.

2      97.   Defendant routinely fails to provide or make available compliant meal
3  periods to Plaintiffs and Class Members.  Plaintiffs and Class Members do not receive
4  compliant meal periods because they are too busy to find the time for meal periods,
5  Defendant is too understaffed for Plaintiffs and Class Members to be relieved from
6  their duties, and Defendant requires that Plaintiffs and Class Members cut their meal
7  periods short to assist with customers and coworkers.

8      98.   Additionally, when Plaintiffs and Class members are too busy with work
9  to clock out for meal periods, Defendant adjusts their timesheets to show that they
10  took a 30-minute meal period even though none was taken.

11     99.   Despite systematically failing to provide Plaintiffs and Class Members
12  compliant meal periods, Defendant does not provide Plaintiffs and Class Members
13  requisite premium payments for these non-compliant meal periods.

14     100.  Defendant has knowingly and willfully refused to perform its obligations
15  to provide or make available to Plaintiffs and Class Members the ability to take the
16  meal periods to which they are entitled or pay premium wages in lieu thereof.

17     101.  Therefore, pursuant to Cal. Lab. Code §§ 226.7(b) and 512, Plaintiffs and
18  Class Members are entitled to compensation for the failure to provide or make
19  available meal periods, plus interest, attorneys' fees, expenses and costs of suit.

20     102.  As a proximate result of the aforementioned violations, Plaintiffs and
21  Class Members have been damaged in an amount according to proof at time of trial.

22     103.  Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

23  **FIFTH CAUSE OF ACTION**

24  **Failure to Authorize and Permit Rest Periods**

25  **Pursuant to Cal. Lab. Code §§ 226.7**

26  **(On Behalf of Class)**

27     104.  Plaintiffs reallege and incorporate the foregoing paragraphs as though
28  fully set forth herein.

105.   Defendant routinely fails to authorize and permit rest periods to Plaintiffs and Class Members.

106.   Cal. Lab. Code § 226.7 and the applicable Wage Order also require employers to authorize and permit employees to take ten (10) minutes of net rest time per (4) four hours or major fraction thereof of work, and to pay employees their full wages during those rest periods. Unless the employee is relieved of all duty during the rest period, the rest period is considered "on duty" and does not qualify as a rest period under the applicable Wage Order.

107.   Under Cal. Lab. Code § 226.7(b) and the applicable IWC Wage Orders, an employer who fails to authorize and permit a required rest period must, as compensation, pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period was not authorized and permitted.

108.   Despite these requirements, Defendant has knowingly and willfully refused to perform its obligations to authorize and permit to Plaintiffs and Class Members the ability to take the rest periods to which they are entitled.

109.   Plaintiffs and Class Members do not receive compliant rest periods because they are too busy to find the time for rest periods, Defendant is too understaffed for Plaintiffs and Class Members to be relieved from their duties, and Defendant requires that Plaintiffs and Class Members cut their rest periods short to assist with customers and coworkers.

110.   Despite systematically failing to provide Plaintiffs and Class Members compliant rest periods, Defendant does not provide Plaintiffs and Class Members requisite premium payments for these non-compliant rest periods.

111.   Defendants' conduct described herein is in violation of Cal. Lab. Code § 226.7. Therefore, pursuant to Cal. Lab. Code § 226.7(b), Plaintiffs and Class Members are entitled to one hour of premium pay for each failure to authorize and permit rest periods, plus interest, attorneys' fees, expenses and costs of suit.

112.   As a proximate result of the aforementioned violations, Plaintiffs and Class Members have been damaged in an amount according to proof at time of trial.

113.   Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

## SIXTH CAUSE OF ACTION

### Failure to Reimburse Business Expenses

### Pursuant to Cal. Lab. Code § 2802

### (On Behalf of the Class)

114.   Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth herein.

115.   Cal. Lab. Code § 2802 provides:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions believed them to be unlawful. … For the purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section.

116.   Defendant fails to provide Plaintiffs and Class Members reimbursement for all necessary expenditures incurred by Plaintiffs and Class Members in the performance of their job duties. Defendant regularly requires Plaintiffs and Class Members to pay out-of-pocket expenses necessary to perform their daily work assignments.  For example, Plaintiffs and Class Members are required to use their personal cell phones to look up ingredients and products for customers and communicate with supervisors and coworkers about work-related topics. Further, Plaintiffs and Class Members also use their personal home computer and home internet data to sign off on and finalize staff reviews. Plaintiffs and Class Members are not compensated for any of these expenditures, even though they should be fully reimbursed under California law.

117.   As a proximate result of the aforementioned violations, Plaintiffs and Class Members have been damaged in an amount according to proof at time of trial.

118.  Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

## SEVENTH CAUSE OF ACTION

### Failure to Provide Accurate Itemized Wage Statements

### Pursuant to Cal. Lab. Code § 226

### (On Behalf of the Class)

119.  Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth herein.

120.  Defendant does not provide Plaintiffs and Class Members with accurate itemized wage statements as required by California law.

121.  Cal. Lab. Code § 226(a) provides that:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least four years at the place of employment or at a central location within the State of California.

122.  The IWC Wage Orders also establish this requirement. (*See* IWC Wage Order 7-2001(7).)

123.  Cal. Lab. Code § 226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to

recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) and is entitled to an award of costs and reasonable attorney's fees.

124.   Defendant does not provide timely, accurate itemized wage statements to Plaintiffs and Class Members in accordance with Cal. Lab. Code § 226(a) and the IWC Wage Orders. The wage statements Defendant provides Plaintiffs and Class Members do not accurately reflect all hours actually worked, actual gross wages earned and/or actual net wages earned, including minimum wages and overtime compensation. In addition, the wage statements Defendant provides do not include premium wages for missed meal or rest periods.

125.   Defendant also has failed to maintain records of hours worked by Plaintiffs and Class Members are required under Cal. Lab. Code § 1174(d).

126.   Defendant is liable to Plaintiffs and the Class Members for damages and/or the amounts established under Cal. Lab. Code §226(e). Furthermore, Plaintiffs are entitled to an award of attorneys' fees and costs as set forth below, pursuant to Cal. Lab. Code § 226(e).

127.   As a proximate result of the aforementioned violations, Plaintiffs and Class Members have been damaged in an amount according to proof at time of trial.

128.   Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

## EIGHTH CAUSE OF ACTION

### Waiting Time Penalties

### Pursuant to Cal. Lab. Code §§ 201-203

### (On Behalf of the Class)

129.   Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth herein.

130.   Defendant does not provide Class Members with their wages when due under California law after their employment with Defendant ends.

131.   Cal. Lab. Code § 201 provides:

If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

132.   Cal. Lab. Code § 202 provides:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

133.   Cal. Lab. Code § 203 provides, in relevant part:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

134.   Plaintiffs and some of the Class Members left their employment with Defendant during the statutory period, at which time Defendant owed them unpaid wages. These earned, but unpaid, wages derive from time spent working for the benefit of Defendant while off-the-clock and during missed or interrupted meal and rest periods.

135.   Defendant willfully refused and continues to refuse to pay Plaintiffs and Class Members all the wages that are due and owing to them for all hours worked, including minimum wage, overtime compensation, and requisite premiums for non-complaint meal and rest periods upon the end of their employment.

136.   Defendant's willful failure to pay Plaintiffs and Class Members the wages due and owing them during employment and upon separation from employment constitutes a violation of Cal. Lab. Code §§ 201-202. As a result, Defendant is liable to Plaintiffs and proposed Class Members for all penalties owing pursuant to Cal. Lab. Code §§ 201-203.

137.   In addition, Cal. Lab. Code § 203 provides that an employee's wages will

continue as a penalty up to thirty days from the time the wages were due. Therefore, Plaintiffs and Class Members are entitled to penalties pursuant to Cal. Lab. Code § 203, plus interest.

138.    Wherefore, Plaintiffs and Class Members request relief as hereinafter provided.

### NINTH CAUSE OF ACTION

**Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.***

**(On Behalf of the Class)**

139.    Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth herein.

140.    The UCL prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

141.    Cal. Bus. & Prof. Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

142.    Cal. Lab. Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

143.    Beginning at an exact date unknown to Plaintiffs, but at least since the date four years prior to the filing of this lawsuit, Defendant has committed acts of unfair competition as defined by the UCL, by engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

a.    violations of Cal. Lab. Code § 1194 and IWC Wage Order 7-2001 pertaining to payment of wages, including minimum wage, for all hours worked;

b.    violations of Cal. Lab. Code § 510 and IWC Wage Order 7-2001

CLASS AND COLLECTIVE COMPLAINT AND DEMAND FOR JURY TRIAL
*Whitt, et. al. v. Vitamin Shoppe Industries LLC*

1                 pertaining to overtime;

2            c.   violations of Cal. Lab. Code §§ 226.7 and 512 and IWC Wage Order

3                 7-2001 pertaining to meal and rest periods;

4            d.   violations of Cal. Lab. Code § 2802 pertaining to reimbursement of

5                 business expenditures;

6            e.   violations of Cal. Lab. Code § 226 regarding accurate, timely itemized

7                 wage statements; and

8            f.   violations of Cal. Lab. Code §§ 201-203 pertaining to payment of all

9                 wages owed during employment and following separation from

10                 employment.

144.   The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

145.   The acts and practices described above constitute unfair, unlawful, and fraudulent business practices, and unfair competition, within the meaning of Cal. Bus. & Prof. §§ 17200, *et seq*. Among other things, the acts and practices have taken from Plaintiffs and the Class Members wages rightfully earned by them, while enabling Defendant to gain an unfair competitive advantage over law-abiding employers and competitors.

146.   Cal. Bus. & Prof. Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent Defendant from repeating the unlawful, unfair, and fraudulent business acts and practices alleged above.

147.   As a direct and proximate result of the aforementioned acts and practices, Plaintiffs and Class Members have suffered a loss of money and property, in the form of unpaid wages, which are due and payable.

148.   Cal. Bus. & Prof. Code § 17203 provides that the Court may restore to

any person in interest any money or property which may have been acquired by means of such unfair competition. Plaintiffs and Class Members are entitled to restitution pursuant to Cal. Bus. & Prof. Code § 17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint. Plaintiffs' success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiffs sue on behalf of themselves as well as others similarly situated. Plaintiffs and Class Members seek and are entitled to unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

149. Plaintiffs herein take upon themselves enforcement of these laws and lawful claims.

150. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiffs by forcing them to pay attorneys' fees from any recovery thereof. Attorneys' fees are appropriate pursuant to Cal. Code Civ. Proc. § 1021.5 and otherwise.

151. Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of the Class and Collective Members, request the following relief:

1. For an order certifying that the First Cause of Action in this Complaint may be maintained as a collective action pursuant to 29 U.S.C. § 216(b) and that prompt notice of this action be issued to potential Members of the Collective, apprising them of the pendency of this action, and permitting them to assert their FLSA claims;

2. Designation of Plaintiffs as Representatives of the Collective;

3. For an order equitably tolling the statute of limitations for the potential members of the Collective;

1     4.     For an order certifying the Second to Ninth Cause of Actions in this

2           Complaint as a class action;

3     5.     Designation of Plaintiffs as Class Representatives and their counsel as

4           Class Counsel;

5     6.     Damages and restitution according to proof at trial for all unpaid wages

6           and other injuries, as provided by the FLSA, the Cal. Lab. Code, and the

7           Cal. Bus. & Prof. Code;

8     7.     Damages, including lost wages, earnings, liquidated damages, and other

9           employee benefits, restitution, recovery of all money/property, actual

10         damages, and all other sums of money owed to Plaintiffs, Class, and

11         Collective Members, together with interest on these amounts according

12         to proof;

13     8.    For a declaratory judgment that Defendant violated the FLSA, the Cal.

14         Lab. Code, California law, and public policy as alleged herein;

15     9.    For a declaratory judgment that Defendant violated Cal. Bus. & Prof.

16         Code §§ 17200, *et seq*. as a result of the aforementioned violations of the

17         California Labor Code;

18    10.   For an equitable accounting to identify, locate, and restore to all current

19         and former employees the wages they are due, with interest thereon;

20    11.   For an order awarding Plaintiffs and putative Class Members penalties

21         pursuant to the Cal. Lab. Code, and the laws of the State of California,

22         with interest thereon;

23    12.   For an award of liquidated damages pursuant to the FLSA;

24    13.   For an order awarding reasonable attorneys' fees as provided by the

25         FLSA, Cal. Lab. Code, Cal. Code Civ. Proc. § 1021.5, the laws of the

26         State of California, and/or other applicable law;

27    14.   For all costs of suit;

28    15.   For interest as provided by applicable law; and

CLASS AND COLLECTIVE COMPLAINT AND DEMAND FOR JURY TRIAL
*Whitt, et. al. v. Vitamin Shoppe Industries LLC*

1      16.    For such other and further relief as this Court deems just and proper.

2

3  Dated: February 1, 2023        Respectfully Submitted,

4

5

6

7                              Carolyn H. Cottrell
                              Ori Edelstein

8                              Philippe M. Gaudard
                              **SCHNEIDER WALLACE**

9                              **COTTRELL KONECKY LLP**

10                              *Attorneys for Plaintiffs, the Collective,*

11                              *and the Class*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS AND COLLECTIVE COMPLAINT AND DEMAND FOR JURY TRIAL
*Whitt, et. al. v. Vitamin Shoppe Industries LLC*

1

**DEMAND FOR JURY TRIAL**

2         Plaintiffs hereby demands a jury trial on all claims and issues for which

3    Plaintiffs are entitled to a jury.

4

5    Dated: February 1, 2023                Respectfully Submitted,

6

7

8                                           _____
                                            Carolyn H. Cottrell
9                                           Ori Edelstein
                                            Philippe M. Gaudard
10                                          **SCHNEIDER WALLACE**
                                            **COTTRELL KONECKY LLP**
11

12                                          *Attorneys for Plaintiffs, the Collective,*
                                            *and the Class*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS AND COLLECTIVE COMPLAINT AND DEMAND FOR JURY TRIAL
*Whitt, et. al. v. Vitamin Shoppe Industries LLC*